[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court previously entered judgment in this matter in accordance with a memorandum of decision dated March 14, 1996. The court is now opening the judgment sua sponte as to the second count of the complaint only. The second count sets forth the claim of the plaintiff, Mrs. Williams, for loss of consortium arising out of the killing of her husband by the defendant. CT Page 3057 The court previously entered judgment in favor of the defendant, relying on the holding in Ladd v. Douglas Trucking Co.,203 Conn. 187 (1987), that a surviving spouse may not recover for post mortem loss of consortium because the wrongful death statute, General Statutes § 52-555, is the exclusive means by which damages resulting from death may be recovered and that statute does not provide for recovery of post mortem loss of consortium.
Subsequent to the filing of that memorandum of decision, the court learned that the wrongful death statute was amended in 1989 by No. 89-148 of the 1989 Public Acts. General Statutes §§ 52-555a through 52-555c now provide for a cause of action for loss of consortium by one spouse with respect to the death of the other spouse, effectively reversing the result in Ladd v.Douglas Trucking, supra. With respect to the second count of the complaint, the court finds that as a result of her husband's death, Mrs. Williams, a young mother of three sons, will be forever deprived of the companionship, affection and moral support of her husband. The court finds that just damages for her loss of consortium is five hundred thousand dollars ($500,000.00) and judgment is entered in that amount on the second count of the complaint.[1]
VERTEFEUILLE, J.